Case 2:22-cv-05582-LDH-JMW    Document 22    Filed 10/09/25    Page 1 of 12 PageID #: 1285

FILED
CLERK

10/9/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SANDRA MARIE MEYER,

         *Plaintiff*,

     -against-

ACTING COMMISSIONER OF SOCIAL
SECURITY,

         *Defendant*.
-----------------------------------------------------------------X

**ORDER**

22-cv-05582 (LDH) (JMW)

**A P P E A R A N C E S:**

    Charles E. Binder
    **Law Offices Charles E. Binder and Harry J. Binder**
    485 Madison Ave, Suite 501
    New York, NY 10022
    *Attorney for Plaintiff*

    Anne M. Zeigler
    Daniella Marie Calenzo
    Geoffrey Michael Peters
    **Social Security Administration**
    Office of the General Counsel
    6401 Security Boulevard
    Baltimore, MD 21235
    *Attorneys for Defendant*

**WICKS,** Magistrate Judge:

    The current application concerns counsel for Plaintiff's request for an award of attorney's fees in the amount of $23,262.00 pursuant to 42 U.S.C. § 406(b) following a favorable decision on Plaintiff's claim for Social Security Disability Benefits rendered by Administrative Law Judge ("ALJ") Andrew S. Weiss on October 23, 2023, finding Plaintiff disabled as of May 30,

2016. (ECF No. 20-3 at ¶¶ 6, 12-13.) For the following reasons, counsel for Plaintiff's motion (ECF No. 20) is **GRANTED**.

## BACKGROUND

Plaintiff, an individual who became disabled and unable to work on or about May 30, 2016 due to mechanical back and extremity pain exacerbated by obesity, major depressive disorder, and anxiety order, commenced this action on September 19, 2022. (ECF No. 1 at ¶ 4.) Plaintiff filed applications for Social Security Disability Benefits and Supplemental Security Income payments in 2017. (*Id.* at ¶ 6; ECF No. 20-3 at ¶ 1.) Following an initial denial, Plaintiff requested a hearing before an ALJ on March 12, 2018. (ECF No. 20-3 at ¶ 1.) ALJ Daniel J. Driscoll held a hearing on March 5, 2020 and deemed Plaintiff not disabled. (*See id.*) Plaintiff then requested the Appeals Council review ALJ Driscoll's decision, and, on December 1, 2020, the Appeals Council remanded the case. (*Id.* at ¶ 2.) The second hearing was before ALJ Andrew S. Weiss on June 2, 2021, who also found Plaintiff not disabled. (*Id.*) The Appeals Council denied Plaintiff's request to review ALJ Weiss's decision. (*See id.*)

Plaintiff then commenced this action on September 19, 2022 to appeal of the Commissioner's final decision. (*See* ECF No. 1; *see also* ECF No. 20-3 at ¶ 3.) On April 13, 2023, Defendant filed a joint motion to remand the final decision of the Commissioner for further evaluation of medical opinions (*see* ECF No. 14) and District Judge LaShann DeArcy Hall remanded the case for further administrative proceedings on April 18, 2023. (ECF No. 15.) On April 27, 2023, Defendant filed a joint motion that Plaintiff be awarded attorney fees and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $8,420.18 which Judge DeArcy Hall entered on October 10, 2023 (ECF Nos. 17, 19 ("The parties, through their attorneys, stipulate that Plaintiff is awarded $8,420.18 in attorney

2

fees and expenses, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in full satisfaction of any and all claims under the EAJA.").

Shortly thereafter, ALJ Weiss issued a decision on October 23, 2023, finding that Plaintiff had been disabled since May 30, 2016. (ECF No. 20-3 at ¶ 6.) In accordance therewith, Plaintiff received a Notice of Award from the Social Security Administration on August 11, 2025 confirming Plaintiff's entitlement to monthly disability benefits, with an established onset date of November 2016. (*Id.* at ¶ 12.) The Notice further indicated that the Social Security Administration is withholding $23,262.00 from Plaintiff's retroactive benefits for the payment of attorney's fees. (*Id.*) (citing ECF No. 20-4, Ex. C (Notice of Award providing that the SSA "will withhold part of any past-due benefits to pay the representative)).

Accordingly, Plaintiff's counsel seeks an award of attorney's fees of $23,262.00 pursuant to 42 U.S.C. § 406(b) which represents 25% of the retroactive Social Security benefits awarded, $93,048.00, to Plaintiff consistent with the statutory cap for such fees. (*Id.* at ¶ 13; ECF No. 20.) This motion was referred to the undersigned by Judge DeArcy Hall on September 8, 2025.[1]

Defendant neither supports nor opposes the request for attorney's fees under § 406(b). (ECF No. 21 at p. 1 ("Although the motion for fees is filed under Plaintiff's name, counsel is the real party-in-interest, and the Commissioner has no direct financial stake in the outcome of this motion.")).

---

[1] Proceeding by way of Order rather than Report and Recommendation is the appropriate course of action on such applications. *See, e.g., Martinez v. Comm'r of Soc. Sec.*, No. 23 CV 3395 (LDH) (CLP), 2025 WL 2773020, at *1-2 (E.D.N.Y. Sept. 29, 2025) (Magistrate Judge Pollak issuing an Order and granting the motion for attorneys fees under Section 406(b)); *Disla v. Comm'r of Soc. Sec. Admin.*, No. 22 CV 1640 (LDH) (CLP), 2025 WL 2773051, at *1-2 (E.D.N.Y. Sept. 29, 2025) (same).

# DISCUSSION

42 U.S.C. §406(b)(1)(A) states in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

Courts apply the 25% statutory cap and then review the requested fee for reasonableness, beginning with the contingent-fee agreement and reducing only as warranted. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–09 (2002); *see also Fields v. Kijakazi*, 24 F.4th 845, 853–56 (2d Cir. 2022); *see also Wells v. Sullivan*, 907 F.2d 367, 371–72 (2d Cir. 1990). The 25% cap applies only to fees incurred "for court representation" and is not aggregated with fees under section 406(a)—those incurred "for agency proceedings." *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

## A. There was an Entry of a Favorable Judgment to Plaintiff

In circumstances where benefits are subsequently awarded on remand, those benefits are "by reason of such judgment," triggering a claimant's potential entitlement to fees under § 406(b). *See Ryan v. Barnhart*, 431 F. Supp. 2d 326, 328 (W.D.N.Y. 2006) ("The requirement that there be a 'favorable judgment' to the plaintiff does not require an award of benefits by the Court. It is sufficient if a Court remands an action for further proceedings and the Commissioner ultimately awards benefits"); *Garland v. Astrue*, 492 F. Supp. 2d 216, 218–19 (E.D.N.Y. 2007) (finding that the "consensus among courts" in this circuit is that attorneys fees under 406(b) are available "when a claimant successfully

4

obtains an administrative finding of entitlement to benefits after a remand for further proceedings").

Here, the Court remanded this case "pursuant to sentence four of 42 U.S.C. § 405(g)"[2] to the Commissioner on April 18, 2023. (ECF No. 15.) Judgment was entered the following day. (ECF No. 16 ("That the final decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).")). Following ALJ's Weiss's decision finding Plaintiff was disabled, the Social Security Administration issued a Notice of Award advising that Plaintiff was due benefits and that SSA withheld $23,262.00 (25%) from the past-due benefits for potential court-stage fees. (ECF No. 20-3 at ¶ 12.) Plaintiff's counsel filed the present § 406(b) motion eleven days later, on August 22, 2025. (ECF No. 20.) Accordingly, § 406(b)'s threshold—a favorable judgment followed by an award of past-due benefits "by reason of" that judgment—has been satisfied.

**B. <u>Reasonableness of the Requested Fee</u>**

Section 406(b) caps the award of fees at 25% of past-due benefits. 42 U.S.C. § 406(b)(1)(A). Here, the SSA withheld exactly $23,262.00—25% of past-due benefits—and counsel seeks that withheld amount. (ECF No. 20-3 at ¶ 13.) The requested fee, therefore, does not exceed the statutory ceiling. Such a figure also complies with the Retainer Agreement Plaintiff signed which provides:

> If the appeal is successful and [the claimant is] awarded past due benefits by a federal district court or circuit court, the law firm is to receive up to twenty-five (25%) of any past due benefits due to [the claimant] and [the claimant's] family pursuant to 42 U.S.C. § 406 of the Social Security Act. . . . If [the claimant is] subsequently awarded past due benefits by the Appeals Council or by an

---

[2] "Sentence four" of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

5

> Administrative Law Judge following additional proceedings, the law firm may apply for fees under 42 U.S.C. § 406(a) and/or § 406(b). **These combined amount of these fees will not exceed 25% of any back due benefits due to [the claimant] and [the claimant's] family.**

(ECF No. 20-4, Exhibit A) (emphasis in original).

Even with compliance, courts must nevertheless review the reasonableness of the requested fee. *See Gisbrecht*, 535 U.S. at 807 (finding that § 406(b) "calls for court review . . . as an independent check, to assure that they yield reasonable results in particular cases"). This is because "where there is a contingency fee agreement in a successful social security case," the amount provided for in the agreement may be reduced "only when [the district court] finds the amount to be unreasonable." *Wells*, 907 F.2d at 371.

The Second Circuit has identified several "guidelines for courts considering this reasonableness analysis" under § 406(b), including: (1) "the character of the representation and the result the representation achieved," (2) "whether a claimant's counsel is responsible for undue delay" in the litigation, (3) "whether there was fraud or overreaching in the making of the contingency arrangement," and (4) whether the requested amount would result in a "windfall" for the attorney. *Fields*, 24 F.4th at 849 (referencing *Gisbrecht*, 535 U.S. at 808, and *Wells*, 907 F.2d at 372).

*First*, counsel's fee request comes after its successful representation of Plaintiff which resulted in a judgment reversing the Commissioner's decision and a remand under sentence four of 42 U.S.C. § 405(g) on April 18, 2023. (ECF No. 16.) Indeed, on remand, the Social Security Administration found Plaintiff disabled and awarded approximately $93,048.00 in past-due benefits, from which $23,262.00 (25%) was withheld for attorney's fees. (ECF No. 20-2 at p. 4.) By achieving a fully favorable result for

6

Plaintiff—after Plaintiff had previously been denied benefits—counsel obtained the very outcome Plaintiff sought. This factor, therefore, weighs in favor of a finding of reasonableness. *See Matthews v. Berryhill*, No. 15-cv-608-A, 2020 U.S. Dist. LEXIS 82737, at *7 (W.D.N.Y. May 11, 2020) (determining the first *Gisbrecht* factor weighed in favor of reasonableness where counsel's efforts resulted in the ALJ issuing a favorable decision following a remand for further administrative proceedings).

*Second*, there is no indication of any undue delay by counsel. In fact, the Notice of Award is dated August 11, 2025 (ECF No. 20-3 at ¶ 12), and counsel filed the present § 406(b) fee motion on August 22, 2025 (ECF No. 20), thereby demonstrating diligence and avoiding any delay that might have inflated the past-due amount. *See Rodriguez v. Comm'r of Soc. Sec.*, No. 20 CV 5284 (EK) (CLP), 2025 WL 2164320, at *4 (E.D.N.Y. Apr. 21, 2025) (finding the attorneys fees reasonable where, *inter alia*, there was "no indication from the record that counsel was responsible for any undue delay in this matter"), *report and recommendation adopted*, 2025 WL 2163625 (E.D.N.Y. July 30, 2025).

*Third*, nothing presented to the Court gives rise to even a scintilla of fraud in the formation of the contingency agreement, nor can it be assumed that a contingency agreement providing for the exact 25% statutory fee contains any overreach by counsel. *See Lebby v. Comm'r of Soc. Sec.*, No. 20-cv-4760 (PKC), 2024 WL 989908, at *3 (E.D.N.Y. Mar. 7, 2024) (holding the requested fee reasonable because, among other factors, "no allegations of fraud or overreaching with respect to the retainer agreement" were presented and the agreement seeks "the full 25% of Plaintiff's past-due benefits").

7

*Fourth*, the Court must assess whether the requested fee of $23,262.00, which corresponds to an hourly rate of approximately $628.70 for 37 hours of work (ECF No. 20-4), constitutes a "windfall" to counsel. In making this assessment, courts "must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854. The Second Circuit has instructed that four specific considerations inform whether a fee would be a windfall: (1) "the ability and expertise of the lawyers" and whether counsel was particularly efficient, accomplishing in a short time what less specialized lawyers might take longer to do; (2) "the nature and length of the professional relationship" with the claimant, including any representation at the agency level; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve the result." *Id.* at 854–55.

      i.    *Ability and Expertise of the Lawyers*

"[I]n the case before us, there is no doubt that Binder & Binder's specialization and expertise enabled them to operate especially efficiently." *Id.* at 854. Indeed, Daniel S. Jones of Binder & Binder has "honed his practice to Social Security disability law," having worked on over one thousand cases over a decade exclusively in the area of federal court of appeals of Social Security disability claims. *See id.*; (*see also* ECF No. 20-3 at ¶ 9.) Indeed, similar to his work in *Fields*, Daniel S. Jones spent 33.10 hours working on Plaintiff's case during the federal court appeal, during which time he reviewed an extensive administrative record, drafted highly detailed papers, and successful negotiated a remand. *See Fields*, 24 F.4th at 854.

Additionally, Charles E. Binder spent 3.90 hours on Plaintiff's case. (ECF No. 20-3 at ¶ 10.) He has handled thousands of administrative hearings and federal appeals in

8

Social Security disability cases, and frequently shares his expertise with others in the field, lecturing on Social Security disability for the New York State Bar Association's continuing legal education program, at conferences organized by the Practicing Law Institute, and before the pro bono panel of the Eastern District of New York. (*Id.*); *see Fields*, 24 F.4th at 854 (approving Charles E. Binder's 3.10 hours after citing identical experiences and expertise).

These two attorneys at Binder & Binder have achieved a fully favorable outcome for Plaintiff in a relatively expeditious manner, completing the federal court proceedings in 37 hours of work. (ECF No. 20-4, Exhibit B.) This modest number of hours reflects an effective and efficient practice, suggesting that a less experienced or less specialized attorney might have expended far more time to achieve the same result. *See Fields*, 24 F.4th at 854 ("Binder & Binder's ability and expertise allowed it to accomplish in just 25.8 hours what other lawyers might reasonably have taken twice as much time to do."). This factor, therefore, counsels against a finding of a windfall.

        ii.    *Nature and Length of the Professional Relationship*

Here, counsel's representation of Plaintiff began well before the filing of this federal court action. Indeed, Plaintiff retained counsel in April 2021, and counsel represented Plaintiff throughout the District Court proceedings and subsequent agency proceedings. (*See* ECF No. 20-2 at p. 5; *see also* ECF No. 20-3 at ¶¶ 2-5, 14.) This multi-year professional relationship weighs in favor of approving the contingency fee, as it demonstrates continuity of representation and sustained advocacy across both the agency and federal levels. *See Fields*, 24 F.4th at 855 (emphasizing the need for the court, when reviewing a fee application under § 406(b), to consider the time spend and work

9

performed not only at the federal level but also when the case was pending at the agency level). Indeed, "[i]t is quite likely that the significant investment of time and effort in [Plaintiff's] case at the agency level further enabled Binder & Binder to operate with efficiency in the federal courts." *Id.*

       iii.    <u>*Satisfaction of the Disabled Claimant*</u>

Counsel's work in the present case secured a substantial past-due benefit award for Plaintiff, and there is nothing in the record to suggest any discontent on Plaintiff's part. The Court therefore presumes that Plaintiff is satisfied with receiving the past-due benefits that were obtained, and there is no indication to the contrary. *See Finnegan v. Comm'r of Soc. Sec.*, No. 21-cv-2070 (PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) (noting that a successful claimant is presumed satisfied with the outcome and the fee, absent evidence otherwise). This factor, therefore, weighs against finding the fee to be a windfall.

       iv.    <u>*Uncertainty that the Case Would Result in an Award and the Effort to Achieve the Result*</u>

The contingent nature of Social Security litigation inherently carries a substantial risk for attorneys. *See Fields*, 24 F.4th at 855-56 (noting that "payment for an attorney in a social security case is inevitably uncertain" and that "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do") (quoting *Wells*, 907 F.2d at 371). "A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Finnegan*, 2024 WL 4494088, at *4 (quoting *Fields*, 24 F.4th at 856). Here, although counsel ultimately achieved success for Plaintiff, there was always a meaningful possibility of an adverse result in which counsel would recover nothing. *See Gabriel v. Comm'r of Soc. Sec.*, No. 20-cv-3089 (WFK) (PK), 2024 WL

10

5416754, at *5 (E.D.N.Y. Oct. 24, 2024) (noting the "inherent uncertainty of social security cases" coupled with the prior denials and rejections of benefits by an ALJ and the Appeals Council to weigh in favor of a fee request). In light of this risk—which counsel bore for over two years while the case proceeded through court and remand—the fee now requested is an earned reward for a positive result, not an undeserved windfall. No downward adjustment is warranted on this basis.

Accordingly, under these circumstances, the Court finds the requested fee of $23,262.00 is reasonable and in line with awards approved in similar Social Security cases. The fee constitutes exactly 25% of the past-due benefits, as provided by the contingency agreement and by § 406(b), and it appropriately reflects the value of the work performed and the result achieved for the client.

### C. Offset of the EAJA Award

In addition to fees under § 406(b), Plaintiff's counsel has received an attorney's fee award under the Equal Access to Justice Act ("EAJA") in the amount of $8,420.18. (*See* ECF No. 20-3 at ¶ 5.)  The EAJA allows a prevailing Social Security claimant to recover fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Hogan v. Astrue*, 529 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (referencing 28 U.S.C. § 2412(d)). EAJA fees are determined under the "lodestar" method – based on the attorney's time expended and a capped hourly rate – rather than as a percentage of benefits. *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

Notably, if fee awards are made to a claimant's attorney under both § 406(d) and EAJA, the attorney "must refund the claimant the amount of the smaller fee" to prevent double recovery. *Mehlrose v. Comm'r of Soc. Sec.*, No. 20-cv-03406 (WFK) (LGD), 2024 WL 698729, at *3

11

(E.D.N.Y. Feb. 15, 2024); *see Cutajar v. Comm'r of Soc. Sec.*, No. 19-cv-05569 (SDA), 2021 WL 1541386, at *4 (S.D.N.Y. Apr. 20, 2021) (highlighting that "controlling case law dictates that if a plaintiff's counsel is awarded attorney's fees under both the EAJA and § 406(b), the smaller of the two fees must be refunded to the plaintiff").

Here, Plaintiff's counsel was previously awarded $8,420.18 in EAJA fees for the work in this case. (ECF No. 20-3 at ¶ 5.) Because the Court determined that counsel is entitled to $23,262.00 in fees pursuant to § 406(b) as a reasonable amount representing 25% of the past-due benefits, counsel is to refund the smaller EAJA fee to Plaintiff once he receives the § 406(b) payment. *See Finnegan*, 2024 WL 4490888, at *4 ("[U]pon receiving the § 406(b) award, Attorney Bowes shall promptly refund Plaintiff $5,050, which represents the EAJA fees already received by counsel, along with $5,042.09, which represents the EAJA fees that he did not seek but has elected to credit to Plaintiff.").

## CONCLUSION

Accordingly, counsel's motion for attorneys' fees under 42 U.S.C. § 406(b) (ECF No. 20) is **GRANTED** and counsel is awarded $23,262.00. Upon receipt of the § 406(b) award from the government, counsel shall promptly refund the $8,420.18 EAJA fee to Plaintiff.

Dated: Central Islip, New York
        October 9, 2025

                                    S O  O R D E R E D:
                                    /s/ *James M. Wicks*
                                         JAMES M. WICKS
                                    United States Magistrate Judge

12